IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>CORNELIO MATA ESPINOZA,<br><br>    Defendant/Petitioner. | No. CR 09-0103 CRB (PR)<br><br>ORDER VACATING AND<br>REENTERING JUDGMENT<br><br>(Docket # 297) |

    Cornelio Mata Espinoza, a federal prisoner proceeding pro se, filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 claiming ineffective assistance of counsel on the grounds that counsel: (1) failed to have a Spanish interpreter present during plea discussions, and (2) failed to appeal.

    Per order filed on March 27, 2012, the court rejected Espinoza's first claim, but not his second claim. The court explained:

> Espinoza alleges that after he was sentenced, he directed his attorney to file a notice of appeal, but his attorney did not do so. Espinoza's attorney denies receiving a directive to appeal.
>
> The Ninth Circuit has made clear that it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) (citing Preguero v. United States, 526 U.S. 23, 28 (1999); Rodriguez v. United States, 395 U.S. 327, 329-30 (1969)).

> Where, as here, a defendant who has expressly waived his right to appeal has filed a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney failed to do so, the Ninth Circuit has instructed district courts that two things can happen. <u>Id.</u> at 1198.  The district court can hold an evidentiary hearing to decide whether the petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. <u>Id.</u>  Or, if the government does not object, the district court can vacate and reenter judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true. <u>Id.</u>
>
> Needless to say, the second option is preferable to the court and should be preferable to the government as well.  As the Ninth Circuit observed, getting the appeal Espinoza previously waived dismissed almost certainly will be less work than an evidentiary hearing. <u>Id.</u>

Docket #317 at 3-4.

The court added that, unless the government objected in writing within five days, it would select the second option and vacate and reenter judgment to allow the appeal to proceed. <u>Id.</u>  The government did not object.

For the reasons set forth above, the clerk is instructed to vacate and reenter judgment so that Espinoza can file a timely notice of appeal.

The clerk is further instructed to terminate the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 filed as docket item number 297.

SO ORDERED.

DATED: April 20, 2012

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\Espinoza, C.CR09-103.or2.wpd