United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CORNELIO MATA ESPINOZA,<br><br>    Defendant.<br>_____/ | No. CR 09-0103-7 CRB<br><br>ORDER DENYING MOTION TO REOPEN MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (dkt. 371) |

    Petitioner Cornelio Mata Espinoza, a federal prisoner proceeding pro se, seeks to reopen a writ of habeas corpus made under 28 U.S.C. § 2255 and vacate this Court's denial of his second Section 2255 petition on the grounds that the Court misstated the law in finding that Espinoza was properly categorized as a career offender. See Mot. to Reopen (dkt. 371). In his underlying Section 2255 petition, Espinoza argued that he is not a career offender, and therefore, his trial counsel rendered ineffective assistance by advising him to stipulate to such a designation. The Court DENIES the motion because, notwithstanding the Court's misstatement of the law, Espinoza is properly categorized as a career offender, and accordingly, his second Section 2255 petition was properly denied.

## I.    BACKGROUND

    On September 23, 2009, Espinoza pled guilty in this Court to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(i), and

841(b)(1)(A)(viii). See Minute Entry for Sept. 23, 2009 (dkt. 89); see also Plea Agreement (dkt. 90) ¶ 1. Espinoza's plea agreement included a stipulation that Espinoza is a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.1 and therefore his criminal history category is VI. See Plea Agreement ¶ 8.

On June 30, 2010, this Court sentenced Espinoza to 250 months' imprisonment based in part on his categorization as a career offender. See Minute Entry for June 30, 2010 (dkt. 198); Gov't Sentencing Memo. (dkt. 185) at 5 (recounting Espinoza's 2002 and 2004 felony convictions); Tr. of Sentencing as to Espinoza (dkt. 280) at 3:19–20 (Court noting defendant stipulated to the career offender categorization in his plea), 7:18–21 (Espinoza's counsel stating Espinoza "is categorized as a career offender for his convictions in San Francisco Superior Court"). On June 13, 2011, Espinoza timely filed his initial motion to vacate under 28 U.S.C. § 2255, claiming that counsel rendered ineffective assistance because an interpreter was not present during negotiations, and because counsel did not file a notice of appeal despite Espinoza's request to do so. See Mot. to Vacate as of June 13, 2011 (dkt. 297). This Court denied Espinoza's first claim based on evidence that an interpreter was present, but vacated and reentered judgment to allow Espinoza to file a timely appeal. See Order Vacating and Reentering Judgment (dkt. 317). The Ninth Circuit dismissed Espinoza's timely appeal in November 2013 on the grounds that he waived his right to appeal as per the terms of his plea agreement. See Mandate of U.S.C.A. (dkt. 331).

Espinoza filed his second motion to vacate under Section 2255 in December 2013, arguing that his sentence was wrongfully enhanced because trial counsel erroneously advised him to stipulate to being a career offender in his plea agreement. See Mot. to Vacate as of December 4, 2013 (dkt. 333). Espinoza argued that he could not be categorized as a career offender because his 2002 conviction under California Health and Safety Code Section 11351 for possession of heroin for sale was not a felony. Id. ¶ 12. Espinoza did not contest his 2004 felony violation of California Health and Safety Code Section 11352 for the transport/sale of heroin, however. Id. On July 21, 2014, this Court denied Espinoza's motion, finding that the 2002 conviction was in fact a felony conviction of a controlled

substance offense. See Order Denying Mot. to Vacate (dkt. 345). The Court held that Espinoza was therefore properly characterized as a career offender and his counsel did not render ineffective assistance "[b]ecause only two prior felony convictions for controlled substance offenses are necessary to characterize a defendant as a career offender, and Espinoza does not contest the validity of his 2004 conviction for purposes of Section 4B1.1." See id. at 7 (citing U.S.S.G. § 4B1.1).

In analyzing whether Espinoza's 2002 conviction was for a controlled substance offense, the Court stated:

> A categorical analysis is useful to determine whether a defendant has committed a specific offense within a broad statute, if that specific offense carries with it particular consequences at sentencing. Here, it is immaterial precisely what the nature of Espinoza's 2002 felony offense was, as any conduct that violates California Health and Safety Code Section 11351 is by definition a controlled substance offense.

Id. (emphasis added). Espinoza now asks this Court to reopen his motion to vacate because the statement "any conduct that violates . . . Section 11351 is by definition a controlled substance offense" misstates the law. For the reasons discussed below, the Court agrees that said statement was erroneous. However, because the Court applied a modified categorical approach and looked to the complaint and judicial record of the 2002 conviction in categorizing it as a felony conviction of a controlled substance offense—rather than relying solely on Espinoza's having been convicted of an offense under Section 11351—the Court properly found that Espinoza is a career offender.

## II.   LEGAL STANDARD

A defendant is a career offender for purposes of sentencing if:

> (1) [T]he defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A controlled substance offense is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

3

U.S.S.G. § 4B1.2(b).

To determine whether a past conviction qualifies as a specific type of offense, courts use either the categorical approach or the modified categorical approach. See Taylor v. United States, 495 U.S. 575 (1990) (outlining approaches); United States v. Gomez-Leon, 545 F.3d 777, 783 (9th Cir. 2008) (applying modified categorical approach). The Supreme Court's explanation of each approach in Descamps v. United States, 133 S. Ct. 2276 (2013), is instructive. Under the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic crime'—i.e., the offense as commonly understood." See id. at 2281. The past conviction qualifies only when the elements of the statute are "the same as, or narrower than, those of the generic offense." See id. On the other hand, courts use the modified categorical approach when a defendant's prior conviction is for violating a "divisible statute," or a statute that sets out one or more elements of the offense in the alternative. See id. "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." Id. The sentencing court's inquiry is limited to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." See Shepard v. United States, 544 U.S. 13, 26 (2005); see also United States v. Snellenberger, 548 F.3d 699, 701 (9th Cir. 2008) (holding that courts may also consider documents of "equal reliability" such as a clerk's minute order). Once the court has determined the basis of the prior conviction under the modified approach, it can compare the conviction with the generic offense to see if it qualifies as a certain type of offense. See Descamps, at 133 S. Ct. at 2281.

In United States v. Leal-Vega, the Ninth Circuit considered whether a defendant's prior conviction under California Health and Safety Code Section 11351 was a "drug trafficking offense" for the purposes of U.S.S.G. § 2L1.2, the guideline governing sentences in illegal reentry cases. 680 F.3d 1160 (9th Cir. 2012). The circuit's holding in Leal-Vega is

4

relevant here because case law regarding U.S.S.G § 2L1.2 informs case law regarding U.S.S.G § 4B1.1.  See, e.g., United States v. Charles, 581 F.3d 927, 934 (9th Cir. 2009) (applying case law regarding Section 2L1.2 to Section 4B1.1 and noting definition of "controlled substance offense" under 4B1.2 and "drug trafficking offense" under 2L1.2 are substantially similar).  In Leal-Vega, the Ninth Circuit held that "Section 11351 is categorically broader than the Guidelines definition of 'drug trafficking offense' because it criminalizes possession or purchase of certain substances that are not covered by the [Controlled Substances Act]."  Id. at 1167 (citing Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1078 (9th Cir. 2007)).  Therefore, the Ninth Circuit held, a modified categorical approach was appropriate.  Id. at 1167–68.  More recently, post-Descamps, the Ninth Circuit held that Section 11351 "is divisible with respect to the type of controlled substance" and reaffirmed that a modified categorical approach is therefore proper.  United States v. Torre-Jimenez, 771 F.3d 1163, 1167 (9th Cir. 2014) (considering whether prior conviction under Section 11351 was a drug trafficking offense for the purposes of U.S.S.G. § 2L1.2).

### III.    DISCUSSION

This Court's earlier assertion that "any conduct that violates . . . Section 11351 is by definition a controlled substance offense" was a misstatement of law.  Any conduct criminalized under Section 11351 cannot categorically be said to be a controlled substance offense for the purposes of the Guidelines' career offender provision.  See Leal-Vega, 680 F.3d at 1167; Torre-Jimenez, 771 F.3d at 1167; Ruiz-Vidal, 473 F.3d at 1078 (abrogated on other grounds) ("We note that California law regulates the possession and sale of numerous substances that are not similarly regulated by the [Controlled Substances Act].").  However, this misstatement is immaterial because it does not change the Court's ultimate finding that, based on a modified categorical analysis, Espinoza's 2002 conviction is a felony that qualifies as a controlled substance offense, Espinoza is therefore properly categorized as a career offender, and Espinoza's counsel was therefore not ineffective in advising him to stipulate to being a career offender.

Notwithstanding the Court's overbroad dicta regarding Section 11351, the Court applied a modified categorical approach in categorizing Espinoza's 2002 conviction as a felony controlled substance offense.  In denying Espinoza's second Section 2255 motion, the Court considered documents from the 2002 Superior Court proceedings and noted that "Espinoza was convicted in 2002 of felony violation of . . . Section 11351, possession for sale of heroin."  See Order Denying Mot. to Vacate at 6 (citing Compl., People v. Mata, San Francisco Super. Ct. No. 187000 (dkt. 343-3)).  The Court also looked to the minute entry for Espinoza's 2002 plea, which showed that Espinoza was "convicted of the crime(s) of felony by plea."  Id. at 7 (citing Minute Entry for Oct. 2, 2002, People v. Mata, San Francisco Super. Ct. No. 187000 (dkt. 343-3)).  Thus, rather than only relying on the statute, the Court properly applied a modified categorical approach, and determined that the conviction qualified as a felony controlled substance offense for purposes of U.S.S.G. § 4B1.1(a) after looking to the charging document and judicial record of Espinoza's 2002 conviction.  See United States v. Sandoval-Venegas, 292 F.3d 1101, 1107 (9th Cir. 2002).

Only two prior felony convictions for controlled substance offenses are necessary to characterize a defendant as a career offender, and Espinoza does not contest the validity of his 2004 conviction for purposes of Section 4B1.1.  The Court's misstatement does not affect its finding that Espinoza's 2002 conviction qualifies as a felony controlled substance offense.  Thus, Espinoza is properly categorized as a career offender, and the Court's denial of his second Section 2255 petition was properly decided on the basis that trial counsel did not render ineffective assistance in advising him to stipulate to such a categorization in his plea agreement.  Accordingly, Espinoza's motion to reopen his Section 2255 petition is DENIED.

**IT IS SO ORDERED.**

Dated: April 27, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE