IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　vs.<br><br>CORNELIO MATA ESPINOZA,<br><br>　　　　Defendant/Petitioner. | No. CR 09-0103 CRB<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) |

Now before the Court is Petitioner Cornelio Mata Espinoza's third round of motions to amend or vacate the Court's judgment, which found him a career offender, on the grounds that the Court erred in applying the modified categorical approach to its determination. Mot. to Alter or Amend Judgment ("MAJ") (dkt. 385). The Court DENIES the motion because Petitioner's argument lacks merit under Federal Rule of Civil Procedure ("FRCP") 59(e). Petitioner was properly categorized as a career offender.

**I.　BACKGROUND**

On September 23, 2009, Petitioner pled guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1) and 846. See Minute Entry for Sept. 23, 2009 (dkt. 89); see also Plea Agreement (dkt. 90) ¶ 1. In his plea agreement, Petitioner stipulated to being a career offender pursuant to

United States Sentencing Guideline ("U.S.S.G.") Section 4B1.1. <u>See</u> Plea Agreement ¶ 8.

On June 30, 2010, this Court sentenced Petitioner to 250 months' confinement. <u>See</u> Minute Entry for June 30, 2010 (dkt. 198); Gov't Sentencing Memo. (dkt. 185) at 5 (noting Petitioner's 2002 and 2004 felony convictions); Tr. of Sentencing as to Petitioner (dkt. 280) at 3:19–20 (Court noting defendant stipulated to the career offender categorization in his plea), 7:18–21 (Petitioner's counsel stating that Petitioner "is categorized as a career offender for his convictions in San Francisco Superior Court").

On June 13, 2011, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. <u>See</u> Mot. to Vacate as of June 13, 2011 (dkt. 297). This Court granted that motion in part, vacating and re-entering judgment to allow Petitioner to file an appeal. <u>See</u> Order Vacating and Reentering Judgment (dkt. 319). The Ninth Circuit dismissed Petitioner's appeal in November 2013 on the grounds that Petitioner waived his right to appeal in his plea agreement. <u>See</u> Mandate of U.S.C.A. (dkt. 331).

In December 2013, Petitioner filed his second motion to vacate under Section 2255. <u>See</u> Mot. to Vacate as of December 4, 2013 (dkt. 333). There, Petitioner claimed that he could not be categorized as a career offender because his 2002 conviction under California Health and Safety Code Section 11351 was not a felony. <u>Id.</u> ¶ 12. On July 21, 2014, this Court denied that motion, finding that the 2002 conviction was a felony conviction of a controlled substance offense. <u>See</u> Order Denying Mot. to Vacate (dkt. 345).

On March 2, 2015, Petitioner asked this Court to reopen his motion to vacate because of erroneous dicta in this Court's ruling stating that "any conduct that violates . . . Section 11351 is by definition a controlled substance offense."

2

See Mot. to Reopen (dkt. 371); see also Order Denying Mot. to Vacate (dkt. 345) at 7. In April 2015, this Court acknowledged the misstatement of law, but maintained that Petitioner was nonetheless properly categorized as a career offender under an application of a modified categorical approach. See Order Denying Mot. to Reopen Mot. to Vacate (dkt. 381).

Petitioner once more attempts to convince this Court of its error in finding him a career offender. See MAJ (dkt. 385). In his motion, Petitioner cites both to FRCP 59(E)(2) and 59(a). See MAJ (dkt. 385). As Rule 59(E)(2) does not exist and Rule 59(a) does not apply, both the government and the Court assume that the Petitioner intended to cite to Rule 59(e) to argue that the judgment finding him a career offender should be amended.

## II.    LEGAL STANDARD

Rule 59(e) allows a court to alter or amend a judgment. It is an "extraordinary remedy" that applies only in "highly unusual circumstances." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Orange Street Partners v. Arnold, 179 (F.3d 656, 665 (9th Cir. 1999). The Ninth Circuit specified that an amendment under this Rule is appropriate only if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th. Cir. 2001) (citing School District No.1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). "Clear error" occurs when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### III. DISCUSSION

Petitioner's motion argues that the Court erred in applying the modified categorical approach. MAJ at 2. Petitioner further contends that the documents used by the Court to determine the crime to which Petitioner pled guilty were improper. Id. at 3. Because Petitioner believes that those documents do not indicate which felony he pled guilty to, he maintains that the Court should not rely on them. Id. Petitioner argues that the Court incorrectly applied the modified categorical approach and thus his sentence should be vacated. Id. at 4. The question before the Court is whether it committed "clear error" in applying the modified categorical approach to find that Petitioner is a career offender.[1] See Order Denying Mot. to Reopen Mot. to Vacate (dkt. 381).

A defendant is a career offender for purposes of sentencing if:

(1) [T]he defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A controlled substance offense is defined as:

[A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

---

[1] This Court will decline to dismiss the motion for failure to state a claim upon which relief can be granted due to Petitioner's mistaken citation to the Federal Rules of Civil Procedure. See United States' Opp'n to Defendant's Motion to Alter or Amend Judgment (dkt. 392) at 3 (arguing for this result). This Court will similarly decline to address whether the motion should be categorized as a second or successive habeas petition. See id. (arguing to characterize Petitioner's motion as such). Notwithstanding the procedural issues, Petitioner's motion still fails on the merits.

To determine whether a past conviction qualifies as a specific type of offense, courts can use either the categorical approach or the modified categorical approach. See Taylor v. United States, 495 U.S. 575 (1990) (explaining approaches). In Descamps v. United States, 133 S. Ct. 2276 (2013), the Supreme Court discussed both approaches in further detail. Under the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime –i.e., the offense as commonly understood." Id. at 2281. Under this approach, the past conviction only qualifies if the elements of the statute are "the same as, or narrower than, those of the generic offense." Id. "If the statutory definition of the prior offense criminalizes conduct that would not constitute [a qualifying felony under the Sentencing Guidelines], then the statute is not a categorical fit, and [a court] must consider whether the prior conviction may still be used for a sentencing enhancement using the modified categorical approach." United States v. Leal-Vega, 680 F.3d 1160, 1164 (9th Cir. 2012).

Courts use the modified categorical approach when a defendant's prior conviction is for violating a "divisible statute." See Descamps, 133 S. Ct. at 2281. "The modified categorical approach allows [courts] to look beyond the statute of conviction to determine whether the facts proven at trial or admitted by the defendant as part of his guilty plea establish that the defendant was convicted of all the elements of the relevant federal generic offense." Torre-Jimenez, 771 F.3d at 1167 (citing Sanchez-Avalos v. Holder, 693 F.3d 1011, 1014-15 (9th Cir. 2012)). As such, courts are permitted "to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2281. The court is limited to "the charging document, the terms of a plea agreement or transcript of a colloquy

between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005); see also United States v. Snellenberger, 548 F.3d 699, 701 (9th Cir. 2008) (holding that courts may also consider documents of "equal reliability" such as a clerk's minute order). When the court determines the basis of the prior conviction using this modified approach, it can compare the conviction with the generic offense to see if it qualifies as a certain type of offense. See Descamps, 133 S. Ct. at 2281.

In decisions both before and after Descamps, the Ninth Circuit held that a modified categorical approach to Section 11351 is proper. See Leal-Vega, 680 F.3d at 1167 (applying modified categorical approach); see also United States v. Torre-Jimenez, 771 F.3d 1163, 1167 (9th. Cir. 2014) (applying the modified categorical approach). The Ninth Circuit held that "Section 11351 is categorically broader than the Guidelines definition of 'drug trafficking offense' because it criminalizes possession or purchase of certain substances that are not covered by the CSA [Federal Controlled Substances Act]." Leal-Vega, 680 F.3d at 1167; see also United States v. Charles, 581 F.3d 927, 934 (9th Cir. 2009) (applying case law regarding Section 2L1.2 to Section 4B1.1, noting that the definition of "controlled substance offense" under 4B1.2 and "drug trafficking offense" under 2L1.2 are substantially similar). Furthermore, in Torre-Jimenez, 771 F.3d at 1167, the Ninth Circuit found that Section 11351 "is divisible with respect to the type of controlled substance" and therefore courts should apply the modified categorical approach to it.

The Court holds that it did not commit "clear error" in using the modified categorical approach to determine if Petitioner's past conviction qualifies as a "controlled substance offense" pursuant to U.S.S.G. Section 4B1.2(b). Although

Section 11351 is broader than the Guidelines definition of "controlled substance offense," heroin is a controlled substance under the CSA. See 21 U.S.C. § 812(c) sched. I(b)(10). Because the statute is divisible and the elements of Petitioner's conviction are identified in the CSA, it was appropriate for this Court to use the modified categorical approach in its determination.

Moreover, in utilizing this approach, the Court inquired into the appropriate documents in the record to determine that Petitioner's underlying 2002 conviction qualified as a felony controlled substance offense for purposes of U.S.S.G. Section 4B1.1(a). See Order Denying Mot. to Reopen Mot. to Vacate, Set Aside or Correct Sentence (dkt. 371) at 6; see also United States v. Sandoval-Venegas, 292 F.3d 1101, 1107 (9th Cir. 2002). First, the Court considered the 2002 complaint, which alleged that Petitioner did "commit the crime of felony, to wit: Violating Section 11351 of the California Health and Safety Code, in that the said defendant did wilfully and unlawfully possess for sale and purchase for purpose of sale a controlled substance, to wit: HEROIN." Comp., People v. Mata, San Francisco Super. Ct. No. 187000 (dkt. 343-3). Second, this Court also properly considered the minute entry for Petitioner's 2002 plea, stating that he was "convicted of the crime(s) of felony by plea." See Order Denying Mot. to Vacate at 7 (citing Minute Entry for Oct. 2, 2002, People v. Mata, San Francisco Super. Ct. No. 18700 (dkt. 343-3)); see also Order Denying Mot. to Reopen Mot. to Vacate (dkt. 371) at 6.

Upon reviewing the proper documents in the record and pursuant to U.S.S.G. Section 4B1.1(a), this Court determined that Petitioner was 1) convicted of a felony violation; and 2) that felony violation involved the a controlled substance heroin. Because Section 11351 is divisible and heroin is covered by both the Health and Safety Code of California and the CSA for purposes of being

7

a career offender, see Torre-Jimenez, 771 F.3d at 1166; Health and Safety Code of California Section 11351; 21 U.S.C. § 812(c) sched. I(b)(10), this Court properly concluded that Petitioner had been convicted of a "controlled substance offense" under U.S.S.G. Section 4B1.1(a). See Order Denying Mot. to Vacate (dkt. 345); see also Order Denying Mot. to Reopen Mot. to Vacate (dkt. 381).

Petitioner is correct that what is important here is not proving that he committed the crime itself, but rather the actual elements to which he pled guilty. Id. at 2–3; see also Descamps, 133 S. Ct. at 2286 (noting that "a court may look to the additional documents to determine which of the statutory offenses . . . formed the basis of the defendant's conviction."). However, Petitioner's reliance upon Medina-Lara v. Holder, 771 F.3d 1106 (9th Cir. 2014) is misplaced for two reasons. First, unlike in Medina-Lara, the record here is clear that Petitioner pled guilty to possession of heroin. See Minute Entry for Oct. 2, 2002, People v. Mata, San Francisco Super. Ct. No. 18700 (dkt. 343-3). Second, the government is correct in its observation that Medina-Lara had been decided when this Court considered Petitioner's prior motions in March 2015. See United States' Opposition to Defendant's Mot. to Alter or Amend Judgment (dkt. 392); see also Order Denying Mot. to Reopen Mot. to Vacate (dkt. 381). The Court took under consideration all relevant law at the time of these prior motions and remained steadfast in its conclusion that Petitioner's 2002 guilty plea under Section 11351 qualified as a "controlled substance offense" for purposes of U.S.S.G. Section 4B1.1. Petitioner presents no newly discovered evidence, nor was there an intervening change in the controlling law, to warrant amendment under the high standards of Rule 59(e). Nor did this Court commit "clear error" or abuse its discretion in continuing to find Petitioner categorized as a career offender using the modified categorical approach.

Under Section 4B1.1, two prior felony convictions for controlled substance offenses are necessary to characterize a defendant as a career offender. Petitioner's uncontested 2004 conviction, and his contested 2002 conviction, both qualify as felony offenses. This Court's application of the modified categorical approach in this instance was proper, thus Petitioner remains properly characterized as a career offender. Accordingly, Petitioner's motion to alter or amend judgment pursuant to FRCP 59(e) is DENIED.

**IT IS SO ORDERED.**

DATED: September 10, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE